## RICHARDS *against* COMSTOCK :

### IN ERROR.

*To an action of* indebita- *tus assump-* sit *for money had and received, the defendant pleaded, that the plaintiff, without complaint or process, voluntarily came to the defendant, who was a justice of the peace, and confessed that he had played at cards* con- tra formam statuti ; *the defendant found the plaintiff guilty of the fact confessed, and gave judgment that he should pay a fine to the town treas- ury; the plaintiff*

THE original action was *indebitatus assumpsit* for money had and received, brought by *Comstock* against *Richards* before *Eliphalet St. John* Esq. in *December* 1812, to recover the sum of three dollars thirty four cents.

The defendant pleaded in bar, That at the time he received the money mentioned in the declaration, *viz.* on the 29th of *April* 1811, he was a justice of the peace for *Fairfield* county ; and that the plaintiff then voluntarily, and without any antecedent process or complaint, appeared before the defendant in person, and voluntarily confessed to the defendant, in his capacity of justice of the peace, that he the plaintiff had played at cards within the year next preceding with one *William Beal*, against the form and effect of a certain statute law of this state entitled " An act against gaming ;" whereupon the defendant adjudged the plaintiff guilty of the fact by him confessed, and that he pay to the treasury of the town the sum of three dollars thirty four cents, which the plaintiff accordingly paid in satisfaction of said judgment, and the defendant paid the same over to the town treasurer, long before the commencement of this action. The plea then averred the identity of the money demanded in the declaration with that thus paid to the defendant, and by him paid over.

To this plea there was a demurrer.

*thereupon paid the fine to the defendant, being the money specified in the declaration, which the defendant received and paid over to the town treasurer before action brought. On a demurrer to the plea it was held, that the facts disclosed were sufficient to support the promise laid in the declaration, and that the plaintiff was entitled to recover.*

*The damages to be assessed in favour of a plaintiff in error on reversal of the judgment below are restricted to what was recovered from him by force of that judgment, and cannot be extended to costs which he would have been entitled to recover, if such judgment had been originally correct.*

Justice *St. John* adjudged the plea sufficient, and gave judgment for the defendant to recover thirty-one cents costs.

*Comstock* then brought a writ of error to the superior court, assigning the general error, as well as some defects in the form of the judgment which it is unnecessary to specify. The superior court reversed the judgment of justice *St. John,* and allowed *Comstock* six dollars twenty-three cents damages. *Richards* then brought the present writ of error.

*R. M. Sherman* and *Bissell,* for the plaintiff in error, contended, that the judgment disclosed in the plea in bar was validated by the late statute, *October Session* 1813. *chap.* 6. s. 1.(*a*) But aside from that statute, the merits of a court of competent jurisdiction cannot be enquired into collaterally for the purpose of pronouncing it erroneous. Nor, *a fortiori,* for the purpose of pronouncing it void. So long as this judgment remained unreversed, Justice *St. John* could not treat it as a void judgment. If the money was paid in satisfaction of a subsisting judgment, it clearly could not be recovered back.

But lay the judgment out of the case; still it appears that the money was paid *voluntarily* with full knowledge of the facts. On this ground it cannot be recovered back. 2 *Com. Contr.* 41. *Knibbs* v. *Hall,* 1 *Esp. Rep.* 84. *Cartwright* v. *Rowley,* 2 *Esp. Rep.* 723.

Further, *Comstock* paid the money to *Richards, eo nomine* as a penalty belonging to the town treasury; and *Richards* paid it over to the town treasurer as *Comstock* virtually directed him to do. It would be going very far to say, that a man is bound *ex bono et æquo* to refund money, which he has received and paid over according to his instructions.

(*a*) The preamble of that statute is as follows : " Whereas it is represented to this Assembly, that justices of the peace in many instances have taken confessions of persons of offences, and have proceeded to render judgment thereon ; and whereas doubts exist as to the legality of such proceedings." It is then enacted, " That all judgments heretofore rendered by an assistant or justice of the peace on the confession of any person, without complaint and warrant, of offences, the jurisdiction of which appertained to such assistant or justice, shall be deemed valid in the same manner as if previous complaint and warrant had been made."

VOL. I.

*New-Haven,*
November,
1814.

*Richards*
*v.*
*Comstock.*

*I. Mills* and *N. Smith,* for the defendant in error, insisted that the pretended judgment was a nullity, as there had been no writ, complaint, or process.   Nor does it appear from the plea in bar, that there is any record.   The judgment being void, *Richards* had no right to take the money.   His paying it over would not protect him.   The town treasurer had no right to receive it.

This is not averred to be a voluntary payment.   The plea states that *Comstock* voluntarily appeared and confessed; but *non constat* that he voluntarily paid the money.   He paid it in compliance with a judgment, which, at the time, he thought himself bound by.   Where money is exacted and paid under a mistaken apprehension of both parties, it may be recovered back.

On this record it is unnecessary to discuss the question whether the facts stated in the plea are sufficient to imply a promise to refund the money ; for an express promise is alleged in the declaration, and admitted by the demurrer.  The facts disclosed in the case constitute a sufficient consideration to support such promise.

As to the statute of *October* 1813, it is to be observed, that *Comstock* brought his action, and his right of recovery existed, before it was passed.   That statute cannot be so construed as to take away his right.   *Bac. Abr. tit.* Statute (C). *vol.* 6. *p.* 370.   *Dash* v. *Van Kleeck,* 7 *Johns. Rep.* 477.

In reply, it was said, that an express promise is not binding without consideration ; and as *Comstock* paid the money voluntarily, as a penalty for a breach of law, with intent that it should be paid over to the town treasurer, and it was so paid over, there was no obligation in *Richards* to refund, and of course no consideration for a promise to refund.

BALDWIN, J.   This record presents a variety of points which claim the attention of the court.   The facts stated in the defendant's plea and admitted by the demurrer do not form a sufficient basis for an implied promise to refund the money thus received.   It was obviously the intention of the plaintiff, when from a misapprehension of the law, he placed the money in the hands of the defendant, that he should pay it into the town treasury.   But the defendant on being informed of the mistake of the plaintiff, might have under-

taken to regain and refund the money by an express prom- ise and undertaking. To support such promise, the facts stated are sufficient. The declaration states such promise, and the plea does not deny, or answer it. On that ground the judgment of the justice ought to have been reversed, as it was, by the superior court.

*New-Haven*,
November,
1814.

Richards
*v.*
Comstock.

But in assessing the damages consequent on that reversal, the superior court evidently erred, and mistook the law. By statute,(*a*) the plaintiff in error, on reversal of an erro- neous judgment, shall recover all that he hath been damni- fied thereby, " that is," (in the language of the old statute passed in 1738) " the whole that was recovered against him in said erroneous judgment, on which execution hath been done ;" but no cost shall be taxed for either party. The judgment being thus set aside, and the money collected by force of it, restored, the parties remain as though no judg- ment had been rendered, and the plaintiff in the original action may, by force of the statute, enter his action for trial in the superior court ; and his right to recover the object of his suit, with costs of that court and the court below, will depend on the issue of such trial. By this rule, the damages assessed by the superior court could not exceed 31 cents, that being the amount of costs, taxed by the justice, against the defendant. But the superior court, without entry, or trial of the action, allowed a further sum for the damages and costs, which the plaintiff might and probably ought to have recovered before the justice, amounting, in the whole, to 6 dollars 23 cents. For this cause, the judg- ment of the superior court ought to be reversed.

In this opinion the other Judges severally concurred.

Judgment reversed.

(*a*) *Tit.* 58.